PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1991 Pontiac Firebird scraped the road surface on Home Access Route 932 (hereinafter referred to as “HA932”) in Weirton, Hancock County as a result of the washed out condition of the road. HA932, commonly referred to as Shenandoah Lane, is an orphan road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on October 16, 2007. HA932 is a one-lane, dead-end access road. The entrance to the road intersects with County Route 9/12. As claimant was driving at approximately five miles per hour, the washed out portion of the road caused his vehicle to scrape the body of the vehicle on the road surface at the entrance of HA932. He stated that the road washes out when it rains, and the ditches in this area are full of gravel. Although claimant was aware of the eroded condition of the road, he testified that it had gotten worse when this incident occurred. The photographs submitted as evidence demonstrate that his vehicle’s bumper dragged on the road’s surface. As a result of this incident, the passenger’s side of the vehicle sustained body damage in the amount of $852.81.
The position of the respondent is that it didnot have actual or constructive notice of the condition on HA932 at the site of claimant’s accident for the date in question. Samuel DeCapio, Highway Administrator for respondent in Hancock County, testified that HA932 is a fourth priority road in terms of maintenance. This road was originally an orphan road that was taken into the State’s system on December 6, 2000. Mr. DeCapio stated that he did not have any knowledge of the condition on HA932 prior to this incident. He testified that part of the problem on HA932 is that the property owners who live on this road have not placed culverts beneath their driveways to prevent the road from washing out when it rains. In order to remedy the problem, his crews will need to place hot mix and a bevel at this location. However, Mr. DeCapio stated that he is *117 required to follow the schedule set forth in respondent’s Core Maintenance Plan for making repairs such as the repair required for this particular section of roadway.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have actual or constructive notice of the condition on HA932 prior to the incident in question. According to the testimony of Samuel DeCapio, respondent is required to follow a Core Maintenance Plan which sets forth the schedule for the maintenance of roads based on their condition. The Court cannot hold respondent liable for complying with the schedule of its Core Maintenance Plan. Additionally, respondent did not receive any complaints regarding the condition of Route 932 prior to this incident. Since HA932 is a fourth priority road in terms of maintenance, it is reasonable that respondent did not have notice of this condition prior to October 16, 2007. Although the Court is sympathetic to the claimant’s plight, there is insufficient evidence of negligence upon which to justify an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.